**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DARRELL BILBREY,

    Plaintiff,

v.                                                                Case No:   6:25-cv-1688-PGB-LHP

OCEANA OCEANFRONT
CONDOMINIUM ASSOCIATION,
INC.,

    Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** TIME SENSITIVE DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES (Doc. No. 22)
>
> **FILED:** November 20, 2025
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** DEFENDANT'S RENEWED MOTION TO COMPEL DISCOVERY RESPONSES (Doc. No. 35)
>
> **FILED:** December 16, 2025

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff filed suit against Defendant in state court on July 25, 2025, and Defendant removed the case to this Court on September 3, 2025 based on federal question jurisdiction. Doc. Nos. 1, 1-1, 1-2; *see also* 28 U.S.C. § 1331. The operative pleading is Plaintiff's amended complaint, which asserts claims for violations of the Fair Housing Act and Florida Statute § 718.1224(3). Doc. No. 15. Defendant answered the amended complaint (Doc. No. 18), and discovery closes on October 5, 2026. Doc. No. 19.

Now before the Court is Defendant's motion to compel discovery, through which Defendant seeks to compel Plaintiff to serve complete answers to interrogatories 11-17; to clarify whether Plaintiff has provided full answers to all interrogatories and Requests for Production 6-8, 10, and 11; to provide responses and documents in response to Requests for Production 7, 8, and 10-12; and to provide either admit or deny responses to Requests for Admission 2, 5, 6, and 7. Doc. No. 22; *see also* Doc. No. 22-1. Defendant also seeks its fees and costs for filing the motion. Doc. No. 22, at 3. Plaintiff filed a response that did not comply with the Court's Standing Order on Discovery Motions. Doc. Nos. 20, 26.

Upon review of the motion and response, on December 2, 2025 the Court ordered Plaintiff's response stricken, directed the parties to conduct an additional meet and confer, and provided both sides leave to file supplemental briefing. Doc.

No. 32. The Court expressly directed Defendant to file a supplemental brief of up to 15 pages that identified all issues the parties were able to resolve, addressed all issues that remained in dispute with "relevant legal authority in support," and that included "a detailed recitation of the conferral efforts to date." *Id.* at 2. Plaintiff was also directed to file a similar supplemental response. *Id.* at 2-3.

On December 16, 2025, Defendant filed a renewed motion to compel, which the Court also treats as Defendant's supplemental brief. Doc. No. 35. And Plaintiff timely-filed its supplemental response on December 23, 2025. Doc. No. 36. Upon review of both filings, while Plaintiff complied with the Court's December 2, 2025 Order, Defendant's supplemental brief wholly failed to do so.

To begin, the supplemental brief contains only the most cursory of descriptions of the parties' conferral efforts, merely stating that they met on three occasions (two of which do not include any dates), that the third meet and confer took place on December 8, 2025 and lasted 30 minutes, and that the parties were only able to resolve Plaintiff's answers to Requests for Admission 6 and 7. Doc. No. 35, at 1-2. The remainder of the conferral description – and a large portion of the supplemental brief *in toto* – consists of attacks on Plaintiff's counsel, as well as demands that Plaintiff either be sanctioned via an award of fees and costs, or that the case be dismissed with prejudice. *See generally id.*

More egregious, however, is Defendant's refusal to comply with the Court's directive to provide legal authority in support of any of its requested relief. Rather, Defendant represents that "[t]he issues involved in this Motion do not require specific case law citations. Rather, the general principles of discovery, as promulgated in this Court's Discovery Handbook, as well as the plain text of the Rules of Civil Procedure, suffice to address the issues of law under consideration." Doc. No. 35, at 2-5. Defendant goes on to incorrectly quote the Middle District of Florida Civil Discovery Handbook (*see id.* at 7), and then quotes from an article by United States Magistrate Judge Bruce E. Reinhart, as well as from the 2015 Year-End Report on the Federal Judiciary by United States Supreme Court Chief Justice John G. Roberts. *Id.* at 2-5. Not only are these citations not in the proper format, making it onerous for the Court to locate them, but Defendant does not explain how these secondary sources address any of the precise issues at play in Defendant's motion to compel, or why the Court should follow these secondary sources and ignore relevant case authority from within the Eleventh Circuit and this District. And with respect to the Federal Rules of Civil Procedure, the Court is at a loss as to which Rules Defendant seeks to rely upon, as the only citation to any rule is Rule 26(e)'s duty to supplement, with which neither Plaintiff nor the Court have any quarrel. *See id.* at 9. Defendant's failure to comply with this Court's Order and

failure to provide any legal authority in support of its motion to compel is sufficient on its own to deny the motions.  *See* Doc. No. 32; Local Rule 3.01(b).

But even if the Court were to consider the merits of Defendant's motions, they fail on that basis as well.  With respect to Interrogatories 11-17, Defendant insists that its interrogatories were "intended to address specific, discrete questions" (without any further explanation) and then hangs its hat on its assertions that Plaintiff's counsel agreed to answer all interrogatories and then reneged on that agreement.  Doc. No. 35, at 5-7.  Plaintiff of course disagrees, and the email exchange attached to Plaintiff's supplemental response only supports the Court's prior finding that the parties are not communicating clearly and effectively.  *See* Doc. Nos. 36-1; 36-2, 36-3; *see also* Doc. No. 32.  And Defendant again fails to point to any legal authority suggesting that even if Plaintiff did agree to respond to all interrogatories, the Court should grant a motion to compel solely on that basis.

But putting Defendant's assertions of misconduct aside, and even if the Court were to excuse Defendant's failure to provide any legal authority in support, a review of Defendant's interrogatories shows that they at times consist of multiple discrete subparts, and therefore exceed the 25 interrogatory limit in Federal Rule of Civil Procedure 33(a)(1).  *See* Doc. No. 22-1, at 2-19; *see also Commodores Ent. Corp. v. McClary*, No. 6:14-cv-1335-Orl-37GJK, 2015 WL 12843874, at *2 (M.D. Fla. Nov. 6, 2015); *Border Collie Rescue, Inc. v. Ryan*, Case No. 3:04–cv–568–J–32HTS, 2005 WL

662724, at *1 (M.D. Fla. Mar. 15, 2005); *New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, No. 08-60216-CIV, 2008 WL 2620727, at *4 (S.D. Fla. June 30, 2008).

Moreover, Defendant's focus on whether or not an agreement existed between counsel is misplaced. As stated in the Case Management and Scheduling Order, "[a]bsent leave of Court, the parties may serve no more than twenty-five (25) interrogatories, including sub-parts." Doc. No. 19, at 4 (citing Fed. R. Civ. P. 33(a)). *See also* Middle District Discovery (2021) at IV. A.2. ("Leave of court, which is not routinely given absent stipulation, is required to serve more than 25 interrogatories cumulatively."). Defendant never requested leave of Court to extend the number of interrogatories until the present motion to compel, and any agreement with Plaintiff would therefore be ineffective. *See Kaplan v. Kaplan*, No. 2:10-cv-237-FtM-99SPC, 2012 WL 14261, at *2 (M.D. Fla. Jan. 4, 2012) ("While the Plaintiff now moves in his Motion to Compel answers to the interrogatories and grant him leave to exceed the Rules limits, the time to seek leave to exceed the limit imposed by Fed. R. Civ. P. 33 is prior to propounding the interrogatories upon the opposing party."). While the Court could have considered Defendant's bald request that "the simplest solution is to declare the interrogatories will be answered" and that Defendant cannot serve any further interrogatories, Defendant's litigation tactic of casting aspersions on Plaintiff's counsel rather than focusing on legal authority renders this request unpersuasive. *See Gritt v. Target Corp.*, No. 8:07-cv-181-T-27EAJ, 2008 WL

11444175, at *3 (M.D. Fla. Apr. 30, 2008) (denying request for additional interrogatories "[d]ue to the inadequate showing of particularized need").

With respect to Plaintiff's "form objections" to all of Defendant's interrogatories and Requests for Production 6-8, 10, and 11, Defendant nowhere even identifies the objections Defendant takes issue with (and again provides no legal authority in support), leaving the Court to do Defendant's job for it and try and parse out which allegedly "boilerplate" objections Defendant seeks to have overruled. Doc. No. 22, at 2; Doc. No. 35, at 7. This the Court will not do. And again, the Court finds Defendant's assertions of bad faith against Plaintiff unpersuasive.

As for Request for Production 7, which seeks Plaintiff's federal and state income tax returns for the past five (5) years, (Doc. No. 22-1, at 20), Defendant argues – again without any legal authority in support – that these tax returns are relevant to Plaintiff's claims for damages "as they will show changes in his income from a pre-incident baseline to his current state, with sufficient time to eliminate statistical anomalies." Doc. No. 35, at 8. But Plaintiff's response to Request 7 clearly states that Plaintiff "is not seeking compensation for lost income," (Doc. No. 22-1, at 20), and Plaintiff explains in his supplemental response that his damages relate to the lost equity from the October 2025 sale of his condominium unit and his moving expenses, but that such costs will not appear on any tax returns, and any

lost equity would not appear on his prior tax returns as the sale had not yet taken place. *See* Doc. No. 36, at 11. Defendant does not further explain why it would be entitled to discovery related to Plaintiff's income when that is not a category of damages being sought, nor does Defendant address why prior tax returns would be relevant to the damages Plaintiff actually seeks. Doc. No. 35, at 8. And once again, the Court is unpersuaded by Defendant's cries of "flip-flopping" or bad faith, which Plaintiff refutes. Doc. No. 35, at 8; Doc. No. 36, at 6. *See also Ortiz v. Pin UPS of Daytona Beach, LLC*, No. 6:19-cv-1644-Orl-37LRH, 2020 WL 10456853, at *5 (M.D. Fla. July 31, 2020) (the party requesting production of tax returns must demonstrate that they are relevant to the issues in the case). *Cf. Jameson Land Co., LLC v. Mosaic Fertilizer, LLC*, No. 8:15-cv-409-T-27EAJ, 2016 WL 7206123, at *2 (M.D. Fla. Mar. 4, 2016) (finding tax returns that related solely to the purchase of, lease of, and damages relating to certain real property discoverable).

In addition to the continued assertions of bad faith, it appears that Defendant's concerns with Plaintiff's response to Request for Production 8 is that Plaintiff has asserted privilege without producing a privilege log, and speculates that Plaintiff will not supplement his production in the future. Doc. No. 35, at 8-9. The Court agrees entirely with Plaintiff's response (Doc. No. 36, at 11-12) as Request 8 is both premature and vague – discovery does not close until October 5, 2026, the Federal Rules of Civil Procedure provide a duty to supplement, and beyond

Defendant's speculation and aspersions, there is nothing before the Court suggesting that Plaintiff will not comply in full with his production obligations. And in the event Plaintiff does assert any privileges over any specific documents, he shall serve a privilege log in accordance with the Court's Standing Order on Privilege Logs. *See In Re: Procedure for Assertion of Privilege*, Case No 6:19-mc-32-Orl-LRH (Doc. No. 1, June 17, 2019).

The Court also agrees with Plaintiff with respect to his objections and responses to Requests for Production 10-12. Request 10 is overbroad on its face, as it requests all documents for any time period associated with any of the events, injuries, or damages alleged in the amended complaint, without exception, and Defendant's apparent attempt to narrow this request to "recorded recollections" also remains vague. *See* Doc. No. 22-1, at 21; Doc. No. 35 at 9-10; Doc. No. 36, at 12. Request 11 seeks all documents relating to any sort of test, examination, analysis, or report related to any injuries or damages alleged, and Plaintiff correctly objects that the Request is vague and confusing, and represents that no such scientific test, examination, or analysis exist. Doc. No. 22-1, at 22; *see also* Doc. No. 36, at 13. The Court cannot compel a party to produce documents that do not exist, and Defendant's conclusory assertions that such evidence either must exist or that Plaintiff's response is unclear is speculative and unpersuasive. Doc. No. 35, at 11-12; Doc. No. 36, at 13. And the Court agrees with Plaintiff that Request for

- 9 -

Production 12 is duplicative of prior discovery requests.   Doc. No. 22-1, at 22; Doc. No. 36, at 13.   *See also* Doc. No. 35, at 12 (Defendant's argument that Request 12 seeks evidence of damages including tax returns).

Turning to the Requests for Admission, Request 2 clearly seeks a legal conclusion – whether Plaintiff's recall from the Board of Directors of Oceana was conducted in accordance with Florida law, condominium bylaws, and condominium rules.   Doc. No. 22-1, at 22-23.   In addition, Plaintiff explained why he was without knowledge and therefore could not admit or deny the Request, and Defendants fails to articulate (or provide legal support) why Plaintiff need do anything further.   *See Saadi v. Pierre a Maroun & Maroun's Int'l, LLC*, No. 8:07-cv-1976-T-24JSS, 2020 WL 13328457, at *1 (M.D. Fla. Nov. 10, 2020) ("Under Federal Rule of Civil Procedure 36, requests for admission may be served on a party to admit the truth of any matters within the scope of discovery relating to: (1) facts, the application of law to fact, or opinions about either; and (2) the genuineness of any described documents. . . . A party may not, however, request an admission of a legal conclusion.") (citing Fed. R. Civ. P. 36(a)(1) and *In re Tobkin*, 578 F. App'x 962, 964 (11th Cir. 2014)).   *See also* Fed. R. Civ. P. 36(a)(4).   In addition, Plaintiff properly admitted in part and denied in part Request for Admission 5, and in particular, admitted that he authored the communication in question.   Doc. No. 22-1, at 23-24; Doc. No. 36, at 13-14; *see also* Fed. R. Civ. P. 36(a)(4).   While Defendant

may not like this answer, Defendant has failed to put forth a cogent, legally supported argument as to why any relief is warranted.[1]

For these reasons, Defendant's motions (Doc. Nos. 22, 35) are both **DENIED.** The Court reminds the parties of their duty to engage in civil and cooperative discovery. The Court is concerned over Defendant's assertions that there have been several instances where the parties' recollection of events differ, and that the parties have "clashed" over communications in the past (Doc. No. 35, at 6, n. 2) and urges the parties to work together to effectively communicate in good faith.

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2026.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] As previously noted, Requests for Admission 6 and 7 have been resolved.